UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Franklin Laine Rasberry, II,<br><br>            Plaintiff,<br><br>v.<br><br>Department of the Treasury Bureau of Fiscal Service,<br><br>            Defendant. | Case No. 2:24-cv-00110-APG-DJA<br><br>**Order** |

Before the Court is *pro se* Plaintiff's first amended complaint. (ECF No. 5). Plaintiff's first amended complaint does not state a claim upon which relief can be granted. The Court thus dismisses Plaintiff's first amended complaint with leave to amend.

**I.    Legal standard.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

## II. Discussion.

Plaintiff sues the Department of the Treasury Bureau of Fiscal Service. (ECF No. 5 at 5). He alleges that the basis for the Court's jurisdiction over his claims is both diversity jurisdiction and federal question jurisdiction. (*Id.* at 2, 4). Plaintiff references the Equal Credit Opportunity Act, Fair Credit Reporting Act, Fair Access to Financial Services Act, the Civil Rights Act of 1964, and the Due Process Clause of the Fifth and Fourteenth Amendments as the basis for jurisdiction.[1] (*Id.* at 4). He asserts that he is alleging claims for defamation *per se* and false light invasion of privacy. (*Id.* at 5).

The basis for his claims is that on December 21, 2023, he submitted an account authorization form to Defendant. (*Id.*). Defendant responded with a letter on January 5, 2024 asserting that it had reviewed Plaintiff's application and had "determined that you may be attempting to claim funds from this office as well as use the system for purposes other than those for which it is intended…It appears you are attempting to receive payments that you feel you are entitled to through Sovereign Citizenship or Birthright scheme, please be advised there are no such funds available, and due to its illegal nature, no relief for such request will be granted by this, or any other agency…" (*Id.* at 11). Plaintiff claims that this letter was defamatory and portrayed him in a false light. (*Id.* at 6-9). Plaintiff asserts that Defendant is also wrongfully "holding" his application. (*Id.* at 9).

Plaintiff's first amended complaint fails to state a claim upon which relief can be granted. Plaintiff has not shown that the United States waived its sovereign immunity to be sued in this action. Even if he had, Plaintiff's claims would fail on the merits.

The Department of the Treasury is not an entity subject to suit. *See Krouse v. U.S. Government Treasury Dept. I.R.S.*, 380 F. Supp. 219, 221 (C.D. Cal. Aug 22, 1974). Instead, the

---

[1] Other than naming these statutes and provisions as the basis for jurisdiction, and mentioning the Fourth Amendment in the body of his complaint, Plaintiff does not assert any facts that would support claims made under these statutes or provisions of the Constitution. Instead, the only facts he alleges relate to his claims for defamation and false light. The Court thus does not construe Plaintiff's first amended complaint as alleging any claims arising under these statutes or Constitutional provisions.

1  United States is properly submitted in its place. *See Blackmar v. Guerre*, 342 U.S. 512, 515
2  (1952); *see Taylor v. U.S.*, No. cv-09-2393-PHX-DGC, 2011 WL 1843286, at *2 (D. Ariz. May
3  16, 2011).  However, the United States may not be sued without its consent and the existence of
4  consent is a prerequisite for jurisdiction. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.
5  1985).  Where a complaint seeks to make out claims against the United States, in order for the
6  suit to stand, the pleader must demonstrate that there are statutes of the United States (1) waiving
7  the immunity of the sovereign to be sued in an action such as that sought to be maintained and
8  (2) conferring subject matter jurisdiction upon the court before which the action is brought.
9  *Krouse*, 380 F. Supp. at 221.  Failure of the pleader to have satisfied either of these prerequisites
10 dictates the dismissal of the action. *Id.*  Here, Plaintiff has not identified any statute of the United
11 States waiving sovereign immunity or conferring subject matter jurisdiction upon this Court.
12 Furthermore, to the extent Plaintiff alleges that his claims arise under the Federal Tort Claims
13 Act, that act bars defamation actions. *See* 28 U.S.C. § 2680(h); *see Kaiser v. Blue Cross of*
14 *California*, 347 F.3d 1107, 1117 (9th Cir. 2003) ("the Federal Tort Claims Act, 28 U.S.C.
15 § 2680(h), does not permit suits against the United States for defamation.").
16         But even if Plaintiff could properly sue the Department of the Treasury, he has not shown
17 that the Department *published* the statements about which Plaintiff complains.  In Nevada, to
18 state a claim of defamation, the plaintiff must allege four elements: (1) a false and defamatory
19 statement; (2) an unprivileged publication to a third person; (3) fault amounting to at least
20 negligence; and (4) actual or presumed damages. *Clark County School District v. Virtual*
21 *Education Software, Inc.*, 213 P.3d 496, 503 (Nev. 2009) (quotations omitted).  Similarly, a false
22 light claim requires publicity. *See Franchise Tax Bd. of Cal. v. Hyatt*, 335 P.3d 125, 141 (Nev.
23 2014) (vacated and remanded on other grounds).   While Plaintiff alleges that the Department
24 "published" the statements, he describes and attaches a letter that the Department sent to Plaintiff.
25 Plaintiff does not explain how the Department otherwise "published" its statements other than
26 sending him this letter.  Plaintiff has not shown that the Department made the statements at issue
27 to a third person or to the public.  Instead, it appears that Defendant made those statements in a
28

letter addressed directly to Plaintiff and nobody else.  The Court thus dismisses Plaintiff's first amended complaint without prejudice and with leave to amend.

**IT IS THEREFORE ORDERED** that the first amended complaint (ECF No. 5) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have until **May 31, 2024** to file an amended complaint if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this order will result in the recommended dismissal of this case.**  The Clerk of Court is kindly directed to send Plaintiff a copy of this order.

DATED: May 1, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE